## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

### OFFENSE CHARGED

Count One: 18 U.S.C. § 1343 – Wire Fraud

Forfeiture allegation

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: 20 years' imprisonment; $250,000 fine or twice gross gain or gross loss, whichever is greater; 3 years' supervised release; $100 special assessment; restitution; forfeiture

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FILED

FEB 13 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT - U.S

► CLARKE J. HOWATT

DISTRICT COURT NUMBER

CR 15 101
CRB

### DEFENDANT

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ►
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes  If "Yes" give date filed
been filed?  ☐ No

DATE OF ARREST ►  Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ►  Month/Day/Year

☐ This report amends AO 257 previously submitted

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:  SHOW DOCKET NO.
☐ U.S. ATTORNEY  ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant  MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  Kyle Waldinger/D. Countryman

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:  Before Judge:

Comments:

MELINDA HAAG (CABN 132612)
United States Attorney

FILED

FEB 1 3 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CRB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CR 15 101

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| v. | |
| CLARKE J. HOWATT, | |
| Defendant. | SAN FRANCISCO VENUE |

## I N F O R M A T I O N

The United States Attorney charges:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Information, with all dates being approximate and all date ranges both approximate and inclusive:

1.      The defendant, Clarke J. HOWATT, resided in the Northern District of California.

2.      The Association of Bay Area Governments ("ABAG") was formed in the 1960s as a Joint Powers Agency.  ABAG's primary function is to provide its members planning and advice on land-use issues.

3.      The ABAG Finance Authority for Nonprofit Corporations ("FAN") was formed as a separate legal entity in approximately 1990.  Among other reasons, FAN was formed to act as a conduit issuer of debt instruments, or bonds.

INFORMATION

4.     The defendant HOWATT served as the Public Finance Director for ABAG.

5.     On June 1, 2006, FAN approved an indenture and issued a series of bonds on behalf of a Community Facilities District formed to pursue public works projects in the South of Market neighborhood of San Francisco that would offset the impact of a high-rise building to be built on Rincon Hill.  Proceeds from the bond issuances were placed in an account at Union Bank.  That Union Bank account included several sub-accounts, one of which was numbered ending -4410 ("-4410 Account").

6.     On July 1, 2014, HOWATT presented FAN's Executive Board with a supplement to the indenture referenced above.  The supplement sought to assign disbursement authority over the funds still remaining in the -4410 Account to FAN.  The Executive Board approved the supplement.

7.     On August 12, 2014, HOWATT submitted a request for reimbursement to the trustee of the -4410 Account.  Among other things, the request sought the wire transfer of $1,296,340.66 from the -4410 Account to a Citibank account numbered ending -5662 ("-5662 Account"), which HOWATT had opened in the name of a limited liability company he had formed the prior month.  The request explained that these funds were "for reimbursable costs, fees, and expenses submitted to the ABAG Finance Authority [FAN]" by the developer of the Rincon Hill project.

8.     On August 12, 2014, Union Bank sent a wire transfer of $1,296,340.66 from the -4410 Account to the -5662 Account.  This wire transfer was sent through the Federal Reserve Bank's Fedwire system and was processed by computer servers outside of California.


COUNT ONE:          (18 U.S.C. § 1343 – Wire Fraud)

9.     The factual allegations in paragraphs 1 through 8 are realleged and incorporated as if fully set forth here.

10.    Beginning on a date unknown to the United States Attorney and continuing to January 2015, in the Northern District of California and elsewhere, the defendant,

CLARKE J. HOWATT,

did knowingly and with the intent to defraud devise a scheme and artifice to defraud FAN as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of concealment of material facts.  In sum and substance,

INFORMATION                                2

1  the scheme and artifice consisted of HOWATT obtaining unused development project funds and surplus

2  cash from bond accounts by making material misrepresentations to FAN.

3  EXECUTION OF THE SCHEME AND ARTIFICE

4  11.    Among other acts, on August 12, 2014, for the purpose of advancing, furthering, and

5  executing the scheme and artifice to defraud, and attempting to do so, the defendant knowingly

6  transmitted and caused to be transmitted by means of wire communication in interstate commerce

7  certain writings and signals, specifically, a wire transfer of $1,296,340.66 from the -4410 Account to the

8  -5662 Account.

9  All in violation of Title 18, United States Code, Section 1343.

10

11  FORFEITURE ALLEGATION:         (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal
                                                        Forfeiture)
12

13  12.    All of the allegations contained in this Information are realleged and by this reference

14  fully incorporated for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United

15  States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

16  13.    Upon a conviction for the offense alleged in Count One of this Information, the

17  defendant,

18  CLARKE J. HOWATT,

19  shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all

20  property constituting, and derived from, proceeds the defendant obtained directly and indirectly, as the

21  result of that violation, including, but not limited to, the following real property or personal property:

22  a.    The real property and improvements located at 33875 Rip Tide Drive, Pacific City,

23  Oregon;

24  b.    The real property and improvements located at 126 Ascot Court, Apt A, Moraga,

25  California; and

26  c.    All funds up to $1,296,340.66 in the -5662 Account.

27  14.    If any of the aforementioned property, as a result of any act or omission of the

28  defendant –

INFORMATION                              3

1       a.      cannot be located upon the exercise of due diligence;

2       b.      has been transferred or sold to, or deposited with, a third person;

3       c.      has been placed beyond the jurisdiction of the Court;

4       d.      has been substantially diminished in value; or

5       e.      has been commingled with other property that cannot be divided without difficulty;

6   any and all interest the defendant has in other property shall be vested in the United States and

7   forfeited to the United States pursuant to 21 U.S.C. § 853p, as incorporated by 18 U.S.C. § 982(b)(1).

8           All in violation of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States

9   Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

10

11  DATED: 2/12/2015                           MELINDA HAAG
                                               United States Attorney
12

13

14                                             DAVID R. CALLAWAY
                                               Chief, Criminal Division
15

16  (Approved as to form:
                            AUSAs WALDINGER/COUNTRYMAN
17

18

19

20

21

22

23

24

25

26

27

28

INFORMATION                         4